The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Good morning, please be seated. All right, the first case is Columbia Gas Transmission v. RDES and Ms. Laguno, it would be a pleasure to hear from you. Good morning, Your Honors. May it please the Court, my name is Joy Laguno, appearing on behalf of Defendant Appellate RDFS, LLC. Is she coming forward to the podium? I'll come forward, Your Honors, if you prefer. Can you not hear me? Your Honors, this appeal challenges an order that undermines foundational principles of property law and awards contradictory relief on irreconcilable grounds. In a single order permitting Columbia Could you move that down a little bit? I want to be sure. Yes, that's perfect. I just want to be sure I catch everything of what you have to say. Thank you, Your Honor. In a single order permitting Columbia's access to the entirety of Appellant's 39-acre property, the District Court made two diametrically opposed rulings. The Court granted the extraordinary remedy of preliminary injunctive relief, despite its simultaneous grant of summary judgment holding that Columbia is entitled to condemnation of the property under the Natural Gas Act. Did the Court introduce its condemnation discussion with the word as an alternative? No, Your Honor. It didn't say alternatively? Although the motion was in the alternative. No, I'm talking about the order. Yes, the order explicitly granted both motions. Well, I know what it did, but did it introduce the second one with the word alternative? No, Your Honor. It said, I have the, it says, Columbia has established that it possesses a substantive right to condemn property. Thus, Columbia's motion for partial summary judgment is hereby granted. So it stated both without stating in the alternative. These holdings cannot coexist. It is a fundamental principle of law that where an adequate legal remedy exists, an injunction is not merely disfavored. It is impermissible. If there is a pre-existing easement agreement, which is the product of condemnation some period back or negotiations, whatever, condemnation is unnecessary, isn't it? Your Honor, we maintain that the easement is limited in scope, more limited. I'm talking hypothetically. If there is a pre-existing easement over property, a condemnation of that same property for the purposes of obtaining an easement would be unnecessary. Correct, Your Honor. So if we find in this case that there was an easement over the property and the easement was being enforced, then we need not address condemnation, right? The issue here is the easement is limited in scope, narrower than the condemnation. My question is a hypothetical one. If we grant, recognize the easement as existing and recognize the easement, then we don't need to address a condemnation to create such an easement. That is not correct because the condemnation sought here is geographically broader. So regardless of the Court's finding on the easement. I thought it's geographically narrower. The condemnation was 50 feet easement and the easement is undetermined. It extends over the entire property. According to- The language of the easement, right? The language of the easement defines it with a 24-inch pipeline. The over 50-year use of the easement and Columbia's own assertion- I asked you what the easement said. Did the easement grant it over the entire property? No, Your Honor. The language, term of art, all that certain tract of land, according to West Virginia jurisprudence, does not grant an easement to all the property. I didn't say that, didn't I? I asked you about the language of the easement. Let's start with the language of the easement. The language of the easement grants a right-of-way for a 24-inch or less pipeline across the property. What's the language? But it also grants the right to construct, operate, and maintain the pipeline, does it not? Yes, Your Honors. According to West Virginia Supreme Court jurisprudence, any multiple Supreme Court cases state that any language stating all the property or all the parcels is insufficient as a matter of law and void for uncertainty, unless there's extrinsic evidence that can show the bounds of the right-of-way. All the property is not, as a matter of law, adequate to define a right-of-way. That is why the right-of-way here is narrower than the condemnation thought. The district court said in West Virginia law, and it was quoting from the Appalachian, the Keel versus Appalachian Powers, that Powell Company has the right under a general right-of-way easement to enter upon the land to maintain and repair its equipment to the extent necessary to the safe and effective operation of that equipment. Correct, Your Honor. But upon the reading of that case, it did not, it was not about a geographic scope of a right-of-way. It was about the use of the right-of-way and the use of herbicides. This gentleman here requested just access to the property to carry out the easement. And the order of injunction granted that. It didn't define it at 50 feet or 24 feet or the whole property. It basically said it granted what was requested, access to the property to maintain and correct this pipeline in order to prevent subsidence. And that was granted. And as a preliminary injunction, it was granted without defining the terms and scope. And it seems to me if you believe the exercise of that right is violated during the course of the maintenance, you could come to court and redress that, either by getting maybe an injunction or getting damages, which they will have to pay. But at this point, the easement, the injunction requested access to the property to maintain this pipeline. And the court granted that. And it did not define boundaries or anything. So why wouldn't that just be a normal procedure to do that? That is not correct, Your Honor. The court's order specifically states that the easement grants all of the access, access to the entirety, all of the property. Show me the language. I'd like you to start. We disagree on what the records say. Show me the language of the order, the injunction order. Your Honor, both in the explanation of what... I don't want the explanation. I want the order, the actual order, injunction. For the foregoing reasons, Columbia's motion for preliminary injunction is hereby granted. That's the language, right? Correct. And then you look at the motion that's requested, and you look at the motion that's requested, and they just grant access to maintain it. They don't define this tree needs to be chopped down. They don't say it's 50 feet. Basically, they're granting access under the easement to maintain the pipeline, and the court granted it preliminarily. But in its findings of fact and conclusions of law section, it states that it's granted because they have access to the entirety of the property. And in RDFS's post-judgmental motion... That's what the easement says. No, but that goes against centuries' worth of Supreme Court jurisprudence in West Virginia stating that it cannot, an easement cannot be all of the property. In Highland, in highway properties versus dollar savings... So what you're saying is the easement is illegal? It's either defined by extrinsic evidence and the 24-inch pipeline that was constructed, or it is boycott certainty. You know, you would be absolutely right if we had a question in this case as to where they're going to maintain it. But in this case, the gentleman from the company testified that they bring on the equipment, they do this along the line. They bring on the heavy equipment. They operate usually within the 50 feet. Sometimes they have big equipment that has to be moved away from the pipe so it doesn't damage it. But this is all a very pragmatic issue. The issue is they have access to maintain the pipeline, and the lease says they have access to the property. Now, you're saying the easement is defined by the practice over a period of years under West Virginia law. That may be, but there's no fight here over that. They asked for an injunction to get access to maintain it, and the court said granted. As a preliminary matter, it didn't say you can't go beyond 50 feet or you have to stay within 50 feet. I mean, this is all, you're worrying about something that may happen or may not happen. Your Honor, here the record shows that it has happened. RDFS went back to the court and stated that they've been going across the bounds of even what they requested in their motion. We had a motion stating that, and the court again repeated that, no, I gave them access to the entire 39-acre property. So that, there is a practical consequence that is happening because of the judge's inconsistent order. It's not, it departs from West Virginia law that it cannot be all of the property. It has to be clear, definite, and defined. Otherwise, it's void for uncertainty. So it would not have any access. In addition, summary judgment controls. A summary judgment is a final adjudication. So you can't have preliminary relief that trumps the summary judgment adjudication that it was a finding that condemnation was appropriate. That should trump over a preliminary finding. There are practical consequences as well. If the court, for the preliminary injunction, we aren't able to get just compensation as we would under a condemnation proceeding. Counsel, I come back to the questions that Judge Niemeyer raised at the beginning, and that is the language of the easement. And I don't see any width limitations in the easement. And it seems to me to be broadly worded. It says through a pipeline, and then there's a whole string of verbs. Operate, maintain, replace, and remove said times over and through all that certain tract of land. The problem, I think, for your case is that the easement is written in very broad terms to allow a power company to do what was necessary to maintain a natural gas pipeline. And it's very, it's, I think you're trying to read limitations into the easement that are simply not there. That is necessarily what West Virginia binding precedent mandates. It states if there is no geographic bound, then it is void for uncertainty. Unless the extrinsic evidence, the actual use of the easement here, it's the pipeline, where the pipeline is located, defines the bounds. Multiple West Virginia Supreme Court cases, and I'll direct the court to, you know, we referenced a West Virginia Law Review article authored by John Fisher that details the multiple Supreme Court cases that state that. It can, it's either void for uncertainty or it can be defined by the use and extrinsic evidence of the parties. What did the district court, what error did it commit in issuing the injunction? It simultaneously granted a summary judgment motion. You keep saying simultaneously. It did rule in the same document. But as you say in your motion for appeal, the February 28, 24 order granting motion for preliminary injunction, or in the alternative, partial summary judgment and immediate access. That is not what the court ordered. That's what you appealed. That's your document I just read. And that was what the court, that's the way the court labeled it. The court did not label it as or. What page is the court's order on, do you know? The conclusion, or the order starts out, I think 320, J321 is the conclusion. 321, thank you. But it starts earlier, I believe. Could we maybe explore some of this on your rebuttal time, all right? Thank you, Your Honors. Thank you. Ms. Bagnell, I'd be pleased to hear from you. Thank you, Your Honor. May it please the court, I am Nicole Bagnell, and I represent Columbia Gas Transmission. And, Your Honor, I think Judge Niemeyer hit on the exact issue here. What about the court's preliminary injunction order is appealable or is under appeal? And the answer to that is none. Judge Bailey issued an order saying that Columbia could access its existing pipeline to undertake necessary maintenance to protect the pipeline from undermining by longwall, mining being done by a third party, to protect public safety. And nothing raised by RDFS addresses that basic fundamental basis for the injunction. In their statement of issues, they address three. First, to relate to this alleged conflict, and I don't believe there's a conflict, Your Honor, and I can get into that more. But the third is that the court's order granted more access than was sought by Columbia in its condemnation action. But here, we're here today on the preliminary injunction. They did not appeal the summary judgment. Oh, I think they did. Well, they say they didn't. Well, sure. What's wrong with that? Well, Your Honor, what's before you is what is under appeal. And RDFS They appealed the preliminary injunction and they appealed the condemnation order explicitly. Your Honor, they appealed the order, but they make clear in their briefing that they did not appeal and do not contest anything that was found by the judge in summary judgment. So they have not raised any issue. We have the latitude of affirming a district court on any ground that's apparent from the record. And it seems to me that your strongest point is where we should begin, which is what does the language allow of the easement? The whole question is what the easement gives you the right to do. And the easement does not contain within it the kind of with restrictions and otherwise that the appellant would like to have part of it. But the appellant is reading restrictions into the easement, which just aren't there in the language. You can't have a lawyer's attorney's argument amending the written instrument. Exactly, Your Honor. And the case law that RDFS relies upon from West Virginia doesn't do that either. The plain language, as you state, is clear. And the case law that Judge Bailey relied on in support are two pipeline cases that say the court looks at what's reasonably necessary to effectuate the purpose of the easement. Here the right-of-way says that it allows Columbia to construct, operate, and maintain a pipeline over all that certain tract of land. And what Columbia is clearly doing, it's not disputed, is maintaining its pipeline. The case law that RDFS relies upon is not relevant to a right-of-way like we have here, but in fact addresses deed reservations. And those cases that are specific to deed reservations hold they must describe what is being reserved with certainty. But here we have the affirmative grant of a right-of-way. And those cases that say the court can look to extrinsic evidence, again, are limited by the fact that it's a reservation in a deed. And I think most tellingly RDFS relies in its briefing on a general rule from the Mary Helen Cole v. Hatfield case from the Supreme Court of West Virginia in 1914 that an easement once set cannot be changed. But that ignores the holding in that case, which is the easement they were looking at had language that granted broader rights. So the court even there didn't apply the general rule. The court said the language of the easement allows greater rights. And that's exactly what's true here as well. The language of this right-of-way allows greater rights. It's important sometimes not to take cases that have a very simple core and make them more complicated than they are. And the question here is did the preliminary injunction or the terms of the preliminary injunction within the terms of the easement? And did the preliminary injunction follow the written instrument? And, you know, just speaking for myself, I think it did because I think that the easement here is very broad and very open-ended. And the whole thrust of the easement is just do what you have to do to maintain the natural gas pipelines in a functional state. Yes, Your Honor, and that's what the court said Columbia could do, and that's what they did. Is there anything further? Your Honor, I'm happy to address any questions that the court might have. I'm happy to address the alleged conflict between the two parts of the judge's order if you would like to hear on that. A bit of a red herring. I think the question here is does the record afford grounds for affirming the district court and the preliminary injunction? And there it was within the terms of the written easement. Yes, Your Honor. Unless my colleagues have questions. Judge Berner, do you have any questions? Thank you, Your Honor. Thank you.  We'll now hear from Ms. Gunew. You have some rebuttal time. Thank you, Judge. Your Honor, going back to the exact language in the court's preliminary injunction order, the court stated that Columbia has the right to use the entire property to operate, maintain, and replace the line. Tell me what the easement says. The easement gives the right to construct a 24-inch or less pipeline and maintain, operate the line. However, Your Honor. Just a minute. Let me ask the courtroom deputy. Is the timer working here? I can't. It's on the screen, Judge. Okay, that's my fault. Okay. The easement provides that Columbia has the right, quote, to operate, maintain, replace, and finally remove the pipeline over and through all that certain tract of land. Through all of that certain tract of land, according to the easement, provides the right to use the entire property to operate, maintain, replace, and finally remove the line. Now, that's the language of the easement that is granted. It's granted to put a 24-inch pipeline there, but it's granted over the entire property as necessary to maintain it. Now, if we had a huge piece of equipment that had to be brought on to maintain the line or to excavate or something like that, it would seem to me the easement naturally covers that. Under West Virginia law, it does not, Your Honor. Again, there are four. Well, you know, you keep switching off. Every time I ask you about the scope of the easement, you misrepresent to me what I believe is the language of the easement. And that's all I'm addressing at this point. I wanted to know the scope of the easement. And likewise, when the judge granted the order, it granted the alternative motion. You said they didn't, and I'm just looking here, and that's exactly what the court did at the answer. For the foregoing reasons, Columbia Gas motion for preliminary injunction or in the alternative partial summary judgment is hereby granted. Now, it seems to me that when the court uses the word in the alternative, and that's what you appealed, that it is if it's necessary. In other words, if the lease is not found to be applicable or something's wrong with the lease, the alternative would be they'll condemn the property to create a lease. But there is already an easement there, and if the court finds that the easement's there, and if we affirm that, you don't get to an alternative. Your Honor, to go back to your first point, there are multiple Supreme Court cases that state any language that says all the property is void for vagueness. To quote Highway Properties, the easement — I don't understand why it's void for vagueness. It's a described piece of property. The boundaries are described on it. But the boundaries are not. Meets and bounds of the property are described. Not in this easement, Your Honor. There is no beginning. According to West Virginia case law, it needs to be geographically subscribed. I'm going to stick with the easement just once in a while. The easement. We'll talk about the easement. Then we can talk about the law. But does the easement describe the parcel of property on which this easement is granted? No, it does not. It just says there's a 24-inch right-of-way. It doesn't describe the property? What page is easement on? It describes the property, Your Honor. That's what I'm talking about. But it doesn't describe the bound of the right-of-way. No, I didn't ask that, did I? I asked the property. Did the easement describe the property? Yes, there's a meets and bounds description of the property. And then it said it's granting an easement over that property. There's multiple cases with similar language. But the court, and I quote, says this is totally an inadequate description. That is from the Supreme Court. It has to be definite and certain from the actual meets and bounds. It could be more definite if you have a meets and bounds description of the property and you grant an easement over the property. It is a right-of-way agreement, Your Honor. It's not a general easement. The right-of-way has to be narrowly defined. If you read the case law that we support, and there's a specific section in the West Virginia Law Review article. It's violated. The court didn't say that the pipeline goes over any other direction. That's described and that's actually shown on a plot. But the easement grants, the easement for a 24-inch pipeline and the right to maintain it over the entire property, and that's the language. Now you say West Virginia imposes a boundary line. The court didn't deny that. The court just basically granted access to maintain this pipeline. That is not what the court granted in the subsequent order, Your Honor. It's just to make clear, West Virginia law states there needs to be a geographic location of the right-of-way, not just a meets and bounds description of the property. If the right-of-way at the beginning, the end, and the width is not described, then it is void for uncertainty unless there is extrinsic evidence that shows the location of the right-of-way. Not the property, the right-of-way itself. Multiple cases in West Virginia state that. That's why this order is wildly inconsistent with binding Supreme Court precedent. Again, the West Virginia Law Review article, to clarify, has a whole section on the width, defining the width in West Virginia of right-of-ways, and that is what they state. It details multiple cases, Your Honor, if I'd like to point those out that state this, that all of the property is insufficient as a matter of law in West Virginia unless it could be saved by extrinsic evidence. Here, Columbia itself conceded that they were only using 50 feet. That is the extrinsic evidence that defines the right-of-way. It's been used within 50 feet for over 50 years. That is the extrinsic evidence, and going beyond that is, again, contrary to West Virginia law. Second, Your Honor, for the summary judgment motion, that is the proper remedy. Letting the summary judgment ruling final adjudication stand allows the property owner to proceed with just compensation under the statutory protections of the Natural Gas Act. In contrast, the preliminary injunction deprives this remedy or any recourse for RDFS. That is why, Your Honor, in close, we request that the court vacate in its entirety the preliminary injunction because it is contrary to West Virginia law, contrary to multiple cases with similar language of all the properties stating that it's insufficient as a matter of law and void for vagueness unless it can be saved by extrinsic evidence. The extrinsic evidence was conceded by both sides. There was no factual dispute. They even, Columbia even states in their motion that the permanent easement is only 50 foot in width, end quote. So there is no dispute as to that. I implore the court to follow the century-old precedent of West Virginia Supreme Court jurisprudence that is binding in this case and vacate the preliminary injunction in its entirety. Thank you very much. We will come down and greet counsel and proceed into our second case. Thank you, Your Honor.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Nicole G. Berner